# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ROBERT BLAKE,

        Plaintiff,

v.                                                              CIVIL ACTION NO.   2:12-cv-00798

PAUL PERRY, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Robert Blake is a prisoner in custody at the Mt. Olive Correctional Complex. Before the Court is his *pro se* Amended Complaint [ECF 7], which alleges a due process violation by four prison officials at Mt. Olive and seeks a new hearing to determine Plaintiff's status in Mt. Olive's five-step rehabilitative program for inmates confined in administrative segregation. Plaintiff filed a Complaint [ECF 2] on March 21, 2012. He filed his Amended Complaint on March 28, 2012. On March 21, 2012, pursuant to a Standing Order entered on September 2, 2010, this case was referred to Magistrate Judge Mary E. Stanley for Findings of Fact and Recommendations for a disposition ("PF&R"). On May 30, 2012, Magistrate Judge Stanley issued a PF&R recommending that this Court dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted. On June 11, 2012, Plaintiff timely filed an objection to the PF&R [ECF 15].

For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the PF&R to the extent it is not inconsistent with this Opinion, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's Amended Complaint.

*I. BACKGROUND*

The Amended Complaint states in full as follows:

> I seen the Pro Committee on May 27th 2010 for my level five status. They denied me my level five and dropped me to a level one. The Pro Committee states I had negative enteries in my chronological log, but did not elaborate on what they were. I have not had a write up in over a year and a half, and have complied with all requirements of the Q.O.L. Program. How can I rebut the allegations in. My log if I am denied the right to. A fair hearing. The hearing on May 27, 2010 was done in a cursory fashion. I seek for a new hearing and provided with the documentation and proper evidence. To prepare for this new hearing I should not been drop to level one status from a level four considering the circumstances involved.

(ECF 7 at 4–5.) Plaintiff requests the following relief:

> What I would like for the Court to do is restore my level four status with another Pro Committee hearing for my level five and retain me for an extra 60 days before scheduling a new Pro Committee hearing for my level five.

(*Id.* at 5.) Although the Amended Complaint does not provide much context about the Q.O.L. Program or Plaintiff's conditions of incarceration, Magistrate Judge Stanley found that the Amended Complaint's allegations concern Plaintiff's

> continued confinement in administrative segregation and his progress in the Quality of Life five-level stratified rehabilitative program required to be completed by inmates on administrative segregation. The program rewards prisoners with increased privileges for good behavior, and provides the disincentive of repeating all or part of the program as a result of poor behavior. The plaintiff claims that he was dropped from a level four back to a level one in the program without due process.

2

(ECF 14 at 7–8.) Magistrate Judge Stanley concluded that the Amended Complaint fails to state a claim upon which relief may be granted. Accordingly, the PF&R recommends that that this case be dismissed.

## *II. STANDARD OF REVIEW*

The Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a plaintiff "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In reviewing those portions of the PF&R to which Plaintiff has objected, this Court will consider the fact that Plaintiff is acting pro se, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## *III. DISCUSSION*

Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff also appears to object to the Magistrate Judge's above-cited findings with respect to the Quality of Life program referenced by Plaintiff in his Amended Complaint. Although it is not easy to understand the particulars of Plaintiff's factual

objection, the main thrust of it appears to be that the prison's Quality of Life program is arbitrarily administered.[1]

The Court is required to screen a complaint in a civil action in which a prisoner seeks redress from a governmental entity, officer, or employee. *See 28 U.S.C. § 1915A(a)*. If the complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint. *See 28 U.S.C. § 1915A(b)*. A complaint should not be dismissed for failure to state a claim unless "after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Slade v. Hampton Rds. Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005) (28 U.S.C. § 1915A dismissal) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). "While a pro se

---

[1] Plaintiff's objection states in full as follows:

> This is an objection, to the recommendation to the case number stated above. Are the following. Ms. Stanley, states, in her respond that the Quality of Life program, is a five-level stratified rehabilitative program. that requires inmate to complete on administrative segregation, and that rewards prisoners for good behavior, with increased privileges.
> Which basically is a false statement, do to the fact, that other inmates has also been drop back on this program, do to them not telling the committee of the program, or basically lieing and beggin, them for their levels or to be released, to mainline population, even though they have completed the program.
> And the officials didn't like what they had to say. Even though they asked them the question.
> Which also, Ms. Stanley, states that I failed to claim upon, a relief to be granted.
> Therefore, there was a request, to the courts a relief to be granted, concerning my civil suite. upon which I requested that my relief, be that the courts would, order that this facility would be made to go by policy that are set forth, for them to follow. which they don't.
> Which I also, know that prisons aren't supposed to be a bed of roses. But yes, I've made mistakes, in my life that I'm paying for.
> And there is no where in the policy directives, that states, that I should be objected to cruel and unusual punishment either.
> Which basically is what this facility is using this program for. For Ms. Stanley, is right, for I didn't state, that I wanted money in my civil suite. Because money isn't everything, And I also know that a lot of people think it is.
> But all I'm asking is, that the courts start making these institutions, do what their suppose to be doing, instead of making their own rules as they go.
> Thank you, for your time it is really appreciated.

(ECF 15 at 1–2.)

4

litigant's pleadings are liberally construed, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), a pro se complaint must still contain sufficient facts 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.'" *Adams v. Sw. Va. Reg'l Jail Auth.*, 524 Fed. Appx. 899 (4th Cir. 2013) (unpublished) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).

Plaintiff's Amended Complaint seeks to have a new hearing before the prison committee tasked with determining his level in Mt. Olive's Quality of Life program and to have the committee's prior decision revoked. To invoke the protections of the Due Process Clause in connection with the conditions of confinement, a prisoner has a two-fold burden. First, the prisoner must allege that he had a protected liberty interest in that the State imposed on the prisoner "restraint which . . . imposes atypical and significant hardship in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1976). *See also Kitchen v. Upshaw*, 286 F.3d 179, 185–86 (2002). Determining whether inmates possessed a liberty interest "is fact specific in that it requires a determination of the conditions the prisoner maintains give rise to a liberty interest and those incident to normal prison life." *Beverati v. Smith*, 120 F.3d 500 (4th Cir. 1997). Second, if the prisoner has succeeded in establishing a liberty interest, he must also allege that he was not afforded the required process. *See Wilkinson v. Austin*, 545 U.S. 209, 224 (2005) ("A liberty interest having been established, we turn to the question of what process is due an inmate . . . .").

Plaintiff's Amended Complaint does not make even the barest of allegations about the conditions of his confinement prior to or during his administrative segregation, much less about the impact of his Quality of Life level status on the conditions of his confinement. Magistrate

5

Judge Stanley found generally that Plaintiff challenges the prison's determination of his level in a five-step program which provides privileges for good behavior and disincentives for bad behavior. While Plaintiff appears to object to the PF&R's statement about what the Quality of Life program is, he essentially argues that the program is not fairly administered. His objections do not, however, provide any additional details about his conditions of confinement. Although Plaintiff is entitled to the liberal construction of his Amended Complaint, this does not get him any traction here as he does not allege any facts from which the Court could plausibly find that the Plaintiff has a protected liberty interest at stake.

Thus, Plaintiff has failed to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons stated herein, the Court **OVERRULES** Plaintiff's objections [ECF 15], **ADOPTS** the PF&R [ECF 14] to the extent it is consistent with this Memorandum Opinion and Order, **DISMISSES WITHOUT PREJUDICE** Plaintiff's Amended Complaint [ECF 7], and **DIRECTS** the Clerk to remove this case from the Docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: November 5, 2014

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE